BLAUM *v.* NATIONAL BARROW & TRUCK CO.

*(Circuit Court S. D. New York.* April 24, 1888.)

PATENTS FOR INVENTIONS—WHAT CONSTITUTES INFRINGEMENT.

Letters patent No. 349,681 on a device for fastening the cross bars of a wheelbarrow to the handles by an adjustable eye, integral with the cross-bar, one portion being detachable and fastened to the cross-bar by a bolt or bolts, these bolts drawing the eye tightly around the handle, cannot be extended so as to include all detachable clamps which encircle the handles and clamp them to the cross-bars.

In Equity. Bill founded upon the infringement of letters patent.
*Worth Osgood,* for plaintiff.
*W. B. H. Dowse,* for defendant.

SHIPMAN, J. This is a bill in equity which is founded upon the alleged infringement of letters patent No. 349,681, dated September 28, 1886, to William Benjamin, assignor to the plaintiff, for an improvement in metal wheelbarrows. The patented invention was an improvement upon a metallic wheelbarrow, the frame of which was composed of two tubular metallic handles or side-bars, and two cross-bars provided with eyes, which fitted upon the handles and were shrunk thereon. This device is shown in letters patent No. 246,584, dated August 30, 1881, to William C. Wren, assignor to Joseph Annin. Its method of construction was defective, because the barrows could not be "knocked down," or taken apart, and thus economically transported in quantities. The improvement consisted, in brief, in dividing the eyes. The eyes, as shown in the drawings, are composed of curved or semi-circular portions upon the ends of the cross-bars, and movable U-shaped portions or clips, which are pressed towards the cross-bars, and, being held in position by one or more bolts, clamp the side-bars in place. The specification says that "the part of the clips or eyes that encircle the side-bars or handles must be formed somewhat smaller than the outside diameter of the handles, so that, when the bolts are screwed together, they will draw the eyes tightly around the handles, thus making a rigid and substantial frame, with or without the tray." The claims of the patent are as follows:

"(1) In a wheelbarrow, the combination, with the metal tray, of the cross-bars, C, D, for supporting and strengthening the bottom of the same, and the side-bars or handles, B; the cross-bars being provided with eyes of adjusta-

ble size and bolts by which said handles may be detachably clamped therein, substantially as set forth. (2) The herein-described frame for a wheelbarrow, consisting of the front and rear cross-bars, C, D, for supporting and strengthening the bottom of the tray, the substantially parallel side-bars or handles, B; the cross-bars being provided with eyes of adjustable size for the reception of the handles, and bolts for detachably clamping the handles, substantially as set forth."

The defendant makes wheelbarrows under letters patent No. 355,245, dated December 28, 1886, to Joseph Annin. The cross-bars of this barrow are straight, flat bars of iron, which project beyond the handles. Each extremity is provided with a U-shaped clip for clamping the handles, which clip is provided at one end with a claw, which passes around the end of the cross-bar, and at the other end with a flange which is perforated for the reception of a bolt which secures the clip.

The question of infringement depends upon the construction of the Benjamin patent, and, in my view of the case, is the only question which demands consideration. I therefore omit discussion in regard to the authorship or the patentability of the invention. The eyes upon the cross-bars of the William C. Wren patent were integral with the cross-bars, and, having been heated, were slipped over the handles and were shrunk thereon. The form of the improvement which is described in the patent consisted in making one portion of the eye a detachable clip, which was fastened to the cross-bar by a bolt or bolts, these bolts drawing the eye tightly around the handles, and thus enabling the eye to be called "adjustable." The Benjamin patent admits the fact that clips and clamping eyes had been used in various situations, and it is manifest from the history of the art that they had been used to fasten the tubular metallic handles of a wheelbarrow to its tray, and to secure the metallic transverse springs of a carriage to its wooden side-bars. Inasmuch as in no pre-existing device detachable eyes had been virtually a part of the cross-bars, the effort is made to have the patent broad enough to include all detachable and adjustable eyes, although not integral with the cross-bar, which are secured to, and, by means of the fastening, can be called, in effect, a part of the cross-bars. Any one of these various eyes can be considered adjustable, because the interior diameter of the eye may be varied by screwing or unscrewing the bolts. The claims of the patent are also broad enough to include a split eye, which is integral with the cross-bar, the several parts being united by bolts, which detachably clamp the handles in the cross-bars. Neither one of these constructions is permissible, because the invention simply consisted in dividing the eye of the Wren patent, in which handles and cross-bars had been united by the eyes of the cross-bars, and making one portion of the eye detachable. Detachable clamping eyes, which screwed the tray to the handles, were old. An eye which was part of the cross-bar and clamped the handle was old. Assuming that there was patentable invention in dividing this eye into two parts, and making one part detachable, it is improper to extend the patent so as to make it include all detachable clips which encircle the handles and clamp them to the cross-bars. That was not

the invention of the patentee, who sought only to improve upon the conception of the pre-existing Wren patent. The invention consisted in the manner in which the eye was constructed, by which method a portion of the eye was integral with the cross-bar, and does not include detachable clips which are secured to a straight cross-bar. There is no infringement. The bill is dismissed.